## JOY and JOY v. MARSHALL.

Court of Common Pleas. Kent. May, 1797.

*Clayton's Notebook, 22.**

*Miller,* for defendant, offered W. Marshall, defendant's father, to prove himself the principal.

*Bayard,* for plaintiff, said he was interested in the event of the suit.

*Miller.* In *Butler v. Cooke,* Cowp. 70, an uncertificated bankrupt may testify to decrease the fund though not to increase it; and 1 Str. 35, *Lockhart v. Graham,* where there are three obligors and action against one only—one of the other two was allowed to prove the execution of the bond by the defendant. 1 Term 164, 1 Str. 480, 3 Term 27.

*Bayard* produced 5 Term 578 to show what is meant by a witness interested in the event.

*Rodney* cited for defendant Peake, Esp.N.P. 85, as explanatory of the case cited from 5 Term.

BASSETT, C. J. There is no doubt but this is a very litigated question in the books. Many seem as if they were opposite. The Court have no doubt but the witness is incompetent as he would be a witness in his own cause. It is well known that most of the wheat sold in this country is to the agents of other persons. What would be the situation of the country if compelled to resort to the principal? Suppose principal becomes bankrupt—ought he then to be a witness?

Witness rejected.

[NOTE.]

Question this decision. If plaintiff recovered, the witness was liable (supposing him to be principal) to his agent the defendant

---

* This case is also reported in *Bayard's Notebook, 198; Rodney's Notes,* May 13, 1797.

for the amount—if plaintiff failed, then he was liable to plaintiff. But suppose him not to be principal—then he was liable to no one. Therefore I think his interest was balanced, and he was a good witness. Notes "Evidence" 241, Phill.Ev. 55, etc.

But if as principal he would be liable to the agent for the costs of this action in case plaintiff recovered, then is the point decided by *Goodacre v. Bream,* Peake 174 (and Phill.Ev. 47), and he is incompetent. For where in assumpsit for goods sold to defendant as the partner of J. S., J. S. was called to prove himself the principal and defendant agent, because, said Lord Kenyon, by discharging defendant he removes his own liability to costs. (But note plaintiff had before proved defendant and J. S. partners, and so *prima facie* J. S. was liable, and question as to the analogy.)